FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 28 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN LEATH,

       Petitioner,

v.

JOSEPH SMITH, Superintendent of Shawangunk
Correctional Facility,

       Respondent.
------------------------------------------------------------X

**DECISION AND ORDER**
14-CV-2804 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by John Leath ("Petitioner"). On October 28, 2009, Petitioner was sentenced to concurrent prison terms of 25 years to life and one and one-third years to four years after conviction by a jury for one count of Murder in the Second Degree and one count of Tampering with Physical Evidence. Petitioner seeks federal *habeas* relief on the following grounds: (1) Petitioner was deprived of his right to counsel; (2) Petitioner was deprived of due process when the trial court failed to submit the charge of reckless manslaughter as a lesser included offense to the jury; (3) Petitioner was deprived of due process, the right to a fair trial, and the right to confront witnesses against him by the trial court's erroneous admission of prejudicial hearsay evidence; (4) Petitioner was deprived of due process by the trial judge's *sua sponte* objections, limitations on defense questioning, and other conduct during trial; and (5) the trial court erroneously denied Petitioner's motion to vacate under New York Criminal Procedure Law § 330.30. For the following reasons, Petitioner's *habeas* petition is DENIED.

## BACKGROUND

### I. The Crimes and the State Court Proceedings

On September 30, 2009, a unanimous jury convicted Petitioner of smothering to death Geraldine Young, a Brooklyn homeless shelter provider, between August 10 and August 11, 2007. Dkt. 7-3 ("Transcript Part II") at PDF 43; Dkt. 7-6 ("Transcript Part V") at PDF 130-133. Petitioner was also convicted of tampering with physical evidence of Ms. Young's murder. Transcript Part V at PDF 130-133.

Petitioner was charged by Kings County Indictment 11427/2008 with one count of Murder in the Second Degree, one count of Manslaughter in the Second Degree, and one count

1

of Tampering with Physical Evidence. Dkt. 7 ("Affidavit") at ¶ 5. Only the charges of Murder in the Second Degree and Tampering with Physical Evidence were submitted to the jury. Transcript Part V at PDF 127-128.

On October 28, 2009, Justice Neil Firetog of the Kings County Supreme Court sentenced Petitioner to a prison term of twenty-five years to life for the charge of Murder in the Second Degree, a concurrent prison term of one and one-third years to four years for the charge of Tampering with Physical Evidence, and denied Petitioner's New York Criminal Procedure Law § 330.30 motion to vacate ("§ 330.30 motion"). *Id.* at PDF 145-146.

Petitioner appealed his convictions claiming, as he did at trial and in his initial statement to the police, that Petitioner had a romantic relationship with Ms. Young, and had attempted CPR, panicked, and fled when Ms. Young died after an accidental fall from the bed onto the floor while having sexual intercourse with Petitioner. Dkt. 7-1 ("State Court Briefs") at PDF 10, 41-42. Petitioner's specific grounds for appeal were: (1) ineffective assistance of trial counsel; (2) a violation of his due process rights due to the trial court's failure to submit reckless manslaughter as a lesser included offense to the jury; (3) deprivation of due process, right to a fair trial, and right to confront witnesses resulting from erroneous admission of prejudicial hearsay; (4) deprivation of due process and right to a fair trial by the trial court's *sua sponte* objections, limiting of direct and cross-examination by the defense, and displays of bias against the defense; and (5) wrongful denial by the trial court of Petitioner's § 330.30 motion. *Id.* at PDF 45-61.

On August 22, 2012, the Second Department of the Appellate Division of the New York State Supreme Court (the "Second Department") affirmed Petitioner's conviction. *People v. Leath*, 950 N.Y.S.2d 277, 277-78 (2d Dep't 2012). The Second Department held (1) Petitioner

received effective assistance of trial counsel; (2) the trial court properly refused to submit the charge of reckless manslaughter as a lesser included offense to the jury because "no reasonable view of the evidence" could support a finding that Petitioner killed Ms. Young by acting recklessly; (3) the hearsay testimony Petitioner objected to was admissible under the state-of-mind exception; (4) Petitioner's complaints about the trial judge were unpreserved for appellate review and without merit; and (5) Petitioner's claim that the trial court wrongfully denied Petitioner's § 330.30 motion was without merit. *Id.*

Petitioner sought leave to appeal the Second Department's decision, which was denied on January 30, 2013. *People v. Leath*, 984 N.E.2d 330, 330 (N.Y. 2013).

## II. The *Habeas* Petition

Petitioner now seeks *habeas* relief on the following grounds: (1) ineffective assistance of trial counsel; (2) due process violation resulting from the trial court's failure to submit reckless manslaughter as a lesser included offense to the jury; (3) deprivation of due process, right to a fair trial, and right to confront witnesses resulting from erroneous admission of prejudicial hearsay; (4) deprivation of due process and right to a fair trial by the trial court's *sua sponte* objections, limiting of direct and cross-examination by the defense, and displays of bias against the defense; and (5) wrongful denial by the trial court of Petitioner's § 330.30 motion. Dkt. 1 ("Petition") at PDF 4-5. The Court will consider each ground in turn.

## DISCUSSION

### I. *Habeas Corpus* Standard of Review

This Court's review of Petitioner's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the

3

judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In order to obtain relief, an individual in custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal habeas review; and (3) satisfied the deferential standard of review set forth in [AEDPA], if his appeals were decided on the merits." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365-66 (E.D.N.Y. 2013) (Chen, J.) (citing *Philbert v. Brown*, 11-CV-1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012) (Garaufis, J.)).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotation marks and citation omitted). As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)) (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

## II. Analysis

### A. Ineffective Assistance of Trial Counsel

Petitioner first argues he received ineffective assistance of trial counsel because counsel failed to identify for redaction references to Petitioner's criminal record in a videotape shown to the jury, for which trial counsel admitted he had no excuse and had simply failed to "pick it up". Petition at PDF 4; State Court Briefs at PDF 46; Dkt. 7-4 ("Transcript Part III") at PDF 133. Petitioner argues trial counsel's failure to redact had a "snowball" effect because after the prosecutor played the videotape at trial, Petitioner had to testify to explain why he had been in jail, in violation of his right against self-incrimination. State Court Briefs at PDF 47. Furthermore, trial counsel failed to move for a mistrial due to the admission of the unredacted videotape, which gave the trial court the opportunity to allow the prosecutor to ask Petitioner prejudicial questions about Petitioner's prior false statements to police. *Id.* Petitioner also argues trial counsel was ineffective in failing to argue for the submission of the reckless manslaughter charge to the jury, instead telling the trial court—without consulting Petitioner— that the defense did not claim Petitioner acted recklessly and did not object to the trial court's refusal to submit the charge to the jury. *Id.* at 48.

*Strickland v. Washington*, 466 U.S. 668 (1984), establishes the federal law governing ineffective assistance of counsel claims. Under *Strickland*, counsel is strongly presumed effective until shown to be otherwise. *Id.* at 689-90. To overcome this presumption and to prove a deprivation of the Sixth Amendment right to effective assistance of counsel, a criminal defendant must show that (1) his counsel's conduct was "outside the wide range of professionally competent assistance[,]" and (2) "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 690, 694.

On federal *habeas* review, in reviewing a state court's application of *Strickland*, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington*, 562 U.S. at 101. Here, the Second Department found trial counsel provided Petitioner with "meaningful representation." *Leath*, 950 N.Y.S.2d at 278. The Court does not find this determination to be "contrary to" or "an unreasonable application of" *Strickland*, 466 U.S. 668.

First, with respect to Petitioner's argument that trial counsel was ineffective for failing to redact certain references in a videotape shown to the jury and for failing to move for a mistrial after the jury saw the unredacted videotape, Petitioner does not show that, without trial counsel's errors, there would have been a reasonable probability of a different result, as is required under *Strickland*'s second prong to establish prejudice. *See Strickland*, 466 U.S. at 694.

While Petitioner argues the admission of the unredacted videotape of his police interrogation somehow caused the trial court to allow the prosecutor to question Petitioner about Petitioner's prior misdemeanor convictions involving false statements to police, this is unsupported by the record. The trial court determined the jury had the right to hear about Petitioner's prior convictions involving false statements to assist in assessing Petitioner's veracity, since Petitioner's case was "based on his testimony, whether he's lying, whether he's telling the truth[.]" Transcript Part III at PDF 133-35. As such, Petitioner cannot show

prejudice under the second prong of *Strickland* because the information in the unredacted videotape reached the jury based on the trial court's independent decision to let the jury hear about Petitioner's prior false statements to the police, rather than because of counsel's actions. *Strickland*, 466 U.S. at 694. Accordingly, Petitioner's claim for *habeas* relief on these grounds must be DENIED. *See id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [Petitioner] makes an insufficient showing on one.").

Second, with respect to Petitioner's argument about trial counsel's failure to insist on the submission of reckless manslaughter as a lesser included charge to the jury, Petitioner cannot show trial counsel's performance was deficient under the first prong of *Strickland*. Petitioner claims a reasonable view of the evidence could indicate that Petitioner did not intentionally kill Ms. Young, but instead killed her in the course of a reckless and improper attempt to perform CPR on her. State Court Briefs at PDF 50. However, the record reveals trial counsel argued strenuously in favor of this view and argued for submission of the reckless manslaughter charge to the jury. Dkt. 7-5 ("Transcript Part IV") at PDF 191-195. While trial counsel did say "I'm not arguing that there was a view of the evidence that he acted recklessly[,]" this statement came after trial counsel argued Petitioner "could have acted in criminal negligence" by performing CPR improperly and obstructing Ms. Young's airway, citing the medical examiner's statements. *Id.* at PDF 191-194. The trial court rejected trial counsel's argument because Petitioner had testified about performing CPR, without describing having done anything to obstruct Ms. Young's airway, or taking any other reckless action. *Id.* at PDF 193-194. Given the trial court's decision, trial counsel's decision to state "I'm not arguing that there was a view of the evidence that he acted recklessly" could have been strategic rather than maladroit. After the trial

7

court went through the list of Petitioner's self-described careful, non-reckless actions while performing CPR, trial counsel may have decided that any attempt to find recklessness in those actions would necessitate contradicting or embroidering upon Petitioner's testimony, and may have dropped the argument to avoid doing so. *Id.* at PDF 194; *see also Ramdeo v. Phillips*, 04-CV-1157, 2007 WL 1989469, at *34 (E.D.N.Y. July 9, 2007) (Townes, J.) (finding counsel had strategic reasons for not requesting a lesser included charge because such a request might have contradicted counsel's strategy of denying guilt altogether). Trial counsel may have also decided strategically against exposing Petitioner to the risk of conviction on the reckless manslaughter charge, should Petitioner be acquitted of the second degree murder charge. *Poux v. Superintendent, Southport Corr. Facility*, 12-CV-1362, 2014 WL 1894314, at *11 (E.D.N.Y. May 12, 2014) (Garaufis, J.) ("[T]rial counsel's decision not to request a lesser included charge of . . . manslaughter can be deemed to be a strategic one. . . . The tactical advantage existed not simply in avoiding juror confusion over disparate charges, but in that Petitioner would not be exposed to the risk of being convicted under the lesser included charge of . . . manslaughter if the jury were to acquit him of [murder].").

Additionally, the Second Department's finding that no reasonable view of the evidence could support a charge of reckless manslaughter suggests any further pushing by trial counsel to submit the charge would have been meritless and futile. *Leath*, 950 N.Y.S.2d at 278. Dropping a meritless argument is not ineffective assistance of counsel. *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance[.]" (citations omitted)). As such, Petitioner has failed to establish trial counsel's representation meets the first prong under *Strickland*, *i.e.*, Petitioner has failed to establish that trial counsel's performance was deficient. Because Petitioner has failed to meet

the first prong under *Strickland*, the Court need not engage in analysis of the second prong under *Strickland*. *Strickland*, 466 U.S. at 697

Based on the above, the Court finds no basis to vacate the state courts' rulings on Petitioner's ineffective assistance of counsel claims as "contrary to" or "an unreasonable application of" the *Strickland* standard. 28 U.S.C. §2254(d)(1). Nor does the Court find that the state courts' rulings were "based on an unreasonable determination of the facts[.]" 28 U.S.C. §2254(d)(2). As such, Petitioner's request for *habeas* relief on the basis of ineffective assistance of counsel is hereby DENIED.

### B. Failure to Submit the Lesser Included Offense of Reckless Manslaughter to the Jury

Petitioner argues the trial court erred in refusing to submit the lesser included charge of reckless manslaughter to the jury. Petition at PDF 4. A claimed error in failing to submit a lesser included offense instruction to the jury in a non-capital case is not cognizable on federal *habeas* review. *Bonilla v. Lee*, 35 F.Supp.3d 551, 569 (S.D.N.Y. 2014) (Koeltl, J.) (citations omitted). Nor can such an error be said to be a violation of federal law as clearly established by the United States Supreme Court, as the United States Supreme Court has expressly declined to rule on that issue. *Id.* at 569 n.12 (citations omitted). As such, the Court cannot consider this claim and therefore Petitioner's request for *habeas* relief on this basis is DENIED.

### C. Admission of Prejudicial Hearsay Testimony

Petitioner argues the trial court erred in allowing Erline Grant, Ms. Young's friend, to testify about statements allegedly made by Ms. Young as these statements constituted inadmissible hearsay. Petition at PDF 5; *see also* State Court Briefs at PDF 56-58. The trial court instructed the jury that Ms. Young's statements to Ms. Grant could only be considered as evidence of Ms. Young's state of mind. The trial court informed the jury that they could

9

consider the statements only if they found Ms. Grant to be credible. Transcript Part III at PDF 54-56. Specifically, the trial court stated,

> …normally, ladies and gentlemen, hearsay or a statement made by someone who isn't testifying is not admitted into evidence unless it follows a rule…Here it's being offered to show the state of mind of Geraldine Young…It's being offered only to show the state of mind of Geraldine Young. Whether Geraldine Young's alleged statement was, in fact, made by her is for you to determine. Of course, this will require you to make a determination as to the believability of the testifying witness, Miss Erline Grant. If you find that the statement was not made, you should not consider it. On the other hand, if you find the statement was made by Geraldine Young, then you may consider that statement in determining what it reveals as to the then state of mind of Geraldine Young at that time.

*Id.*

Out-of-court statements relevant to purposes other than truth, admitted for those other purposes, are not Constitutional violations. *See, e.g., United States v. Paulino*, 445 F.3d 211, 216-218 (2d Cir. 2006) (noting out-of-court statements not offered to prove the truth of the matter asserted, but for context or for background, do not violate the defendant's rights under the Confrontation Clause of the Sixth Amendment). Such statements are admissible if "(1) the non-hearsay purpose by which the evidence is sought to be justified is relevant and (2) the probative value of this evidence for its non-hearsay purpose is [not] outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." *Kiejliches v. Perez*, 07-CV-2397, 2011 WL 3348075 at *8 (E.D.N.Y. July 29, 2011) (Garaufis, J.) (internal citation and quotation marks omitted).

The alleged hearsay statements at issue here were relevant to Ms. Young's state of mind because they reflected her view of Petitioner. *Id.* at PDF 54; *see, e.g., Machicote v. Ercole*, 06-CV-13320, 2011 WL 3809920, at *5 (S.D.N.Y. Aug. 25, 2011) (Batts, J.) (finding statements admitted only to show declarant's statement of mind were admissible over a hearsay objection); *Kiejliches*, 2011 WL 3348075 at *7-8 (out-of-court statements were admissible to show

10

petitioner's state of mind and establish her motive). Since Petitioner's defense was that he was having a romantic relationship with Ms. Young, and Ms. Young died while they were having sexual intercourse, Ms. Young's view of Petitioner was highly relevant to that defense, and not outweighed by the danger of unfair prejudice. *See, e.g., Kiejliches*, 2011 WL 3348075 at *7-8 (finding out-of-court statements establishing petitioner's state of mind and motive for murder were admissible). Accordingly, Petitioner's request for *habeas* relief on the basis of improper admission of hearsay testimony is hereby DENIED.

### D. Trial Judge's Remarks and Other Conduct

Petitioner claims he suffered deprivation of due process and of his right to a fair trial by the trial court's *sua sponte* objections, limiting of direct and cross-examination by the defense, and displays of bias against the defense. Petition at PDF 5. The Second Department rejected this claim as unpreserved for appellate review. *Leath*, 950 N.Y.S.2d at 278.

If the state court's disposition of a federal claim "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the Court will not review that claim. *Downs v. Lape*, 657 F.3d 97, 101-102 (2d Cir. 2011) (internal quotation marks and citations omitted). To be "adequate," a state law ground must be "firmly established and regularly followed by the state." *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir. 2007) (internal quotation marks and citations omitted). A state law basis is sufficiently adequate if "the case law interpreting [the state law] . . . displays consistent application in a context similar to [the instant case]." *Id.* at 220 (citation omitted). New York Criminal Procedure Law § 470.05(2) governs the preservation of claims for appellate review, and states, "a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or

instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2). New York Criminal Procedure Law § 470.05 has been held to be an independent and adequate state law ground by the Second Circuit. *See, e.g., Richardson*, 497 F.3d at 217-20. As such, the Second Department disposed of Petitioner's claim of impropriety by the trial judge based on an independent and adequate state law ground. *Leath*, 950 N.Y.S.2d at 278.

Nonetheless, a federal *habeas* petitioner may seek review of his federal claims notwithstanding the existence of independent and adequate state law grounds for the state courts' decision in three circumstances. First, he may do so if he is actually innocent of the crime for which he has been convicted. *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Second, he may also do so if the state law, while generally adequate, has been applied exorbitantly. *Lee v. Kemma*, 534 U.S. 362, 376 (2002). Third, if the independent and adequate state law ground is a procedural default in state court, then the petitioner may circumvent the bar to *habeas* review by showing (1) cause for his procedural default, and (2) prejudice. *Blount v. Napoli*, 09-CV-4526, 2012 WL 4755364, at *13 (E.D.N.Y. Oct. 5, 2012) (Matsumoto, J.). Here, Petitioner does not argue in his *habeas* Petition that he is actually innocent, nor does he allege any exorbitant application of New York Criminal Procedure Law § 470.05, nor does he claim cause or prejudice. Accordingly, the Court will not review Petitioner's claims that were disposed of in state court on independent and adequate state grounds. Petitioner's request for *habeas* relief on this basis is DENIED.

### E. Denial of the § 330.30 Motion

Petitioner requests *habeas* relief based on the trial court's denial of Petitioner's § 330.30 motion to vacate his conviction. Petition at PDF 5. This claim does not implicate federal law

12

because it rests purely on enforcement of a state statutory right, and is as such not cognizable on *habeas* review. *Strong v. Warden, Attica Corr. Facility*, 10-CV-3452, 2012 WL 1886957, at *5 (E.D.N.Y. May 22, 2012) (Brodie, J.) (finding claim that state court erred in denying § 330.30 motion not cognizable on federal *habeas* review). Accordingly, Petitioner's request for *habeas* relief based on the denial of his § 330.30 motion is hereby DENIED.

## CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 2*f*, 2015
Brooklyn, New York

13